UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

THOMAS JACKSON,

                              Plaintiff,

              -against-

SERGEANT E. PAGAN,

                              Defendants.

20-CV-5176 (VB)

ORDER OF SERVICE

---------------------------------------------------------

VINCENT L. BRICCETTI, United States District Judge:

       Plaintiff, currently incarcerated in Clinton Correctional Facility, brings this action under 42 U.S.C. § 1983, alleging that Defendant violated his rights under the First Amendment by retaliating against him for filing grievances while he was confined in Sing Sing Correctional Facility. By order dated July 31, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

       Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Sergeant E. Pagan through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant Pagan.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to issue a summons, complete the USM-285 forms with the address for Defendant Pagan, and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated:   July 31, 2020
         White Plains, New York

                                                  _____
                                                  VINCENT L. BRICCETTI
                                                  United States District Judge

## DEFENDANT AND SERVICE ADDRESS

1.  Sergeant E. Pagan
    Sing Sing Correctional Facility
    354 Hunter Street
    Ossining, New York 10562