UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THOMAS JACKSON,

                 Plaintiff,

v.

SERGEANT E. PAGAN,

                 Defendant.

------------------------------------------------------------x

**ORDER**

20 CV 5176 (VB)

      On March 15, 2021, plaintiff requested the Clerk mail him 8 subpoenas <u>ad testificandum</u>. Plaintiff then served five of those subpoenas, by mail, on five non-party New York Department of Corrections and Community Supervision ("DOCCS") employees. Each subpoenaed non-party is apparently an employee of Sing Sing Correctional Facility, located in Westchester County. Each subpoena commands the non-party to appear for an in-person deposition at Upstate Correctional Facility, in Franklin County, New York, on April 15, 2021. Each subpoena also specifies the deposition will be recorded by tape recorder, and offers to pay each witness forty dollars for fees associated with attending the deposition.

      On April 13, 2021, defendant filed a letter requesting a pre-motion conference in advance of filing a motion to quash the five subpoenas, or in the alternative, that the Court quash the subpoenas. Defendant argues the subpoenas are improper because: (i) the manner of service was improper since, according to defendant, plaintiff mailed the subpoenas to the Superintendent of Sing Sing Correctional facility rather than the non-parties themselves; (ii) defendant did not receive notice of the subpoenas before they were mailed; (iii) the place of compliance with the subpoenas is more than 100 miles from the non-parties' place of business; (iv) the subpoenas failed to provide reasonable notice of the depositions to the non-parties.

      Defendant also objects to plaintiff's request for the production of documents in each subpoena as duplicative of plaintiff's prior document requests. Defense counsel acknowledges she has not discussed these issues with plaintiff prior to requesting a pre-motion conference.

      Accordingly, it is HEREBY ORDERED that:

      1.     Defendant's request for a pre-motion conference is DENIED as unnecessary.

      2.     The five subpoenas are QUASHED for failure to comply with Federal Rule of Civil Procedure 45. Specifically, the subpoenas are improper because: (i) there is no indication the subpoenas were properly served by delivering a copy to the person named in the subpoena, <u>see</u> Fed. R. Civ. P. Rule 45(b)(1), and (ii) the requested place for the depositions is not within 100 miles of where the non-parties are employed, Fed. R. Civ. P. 45(c)(1)(A). The Court suggests plaintiff consider serving <u>written</u> deposition questions on the non-parties pursuant to Federal Rule of Civil Procedure 31. The Court also directs plaintiff to review pages 8–10 of the Discovery

1

Guide (previously mailed to plaintiff) for additional guidance on requesting and taking depositions.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: April 13, 2021
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge