UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
THOMAS JACKSON,                                  :    20-CV-5176 (VB)

                    Plaintiff,    :    Hon. Vincent Briccetti

     - against -    :    **STIPULATION OF**
                                   :    **SETTLEMENT AND**
SERGEANT E. PAGAN, suing individual and in    :    **GENERAL RELEASE**
their official capacities,

                    Defendants.
------------------------------------------------------------- X

This STIPULATION OF SETTLEMENT AND RELEASE (the "Settlement Stipulation") is made by and between plaintiff **THOMAS JACKSON** ("Plaintiff") and defendant **EDGAR PAGAN** ("Defendant"), at all relevant times a NEW YORK STATE official employed by the NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION ("DOCCS"):

WHEREAS, Plaintiff commenced the above-captioned action, docket no. 20-CV-5176 ("the Action"), under 42 U.S.C. § 1983, by filing a complaint (the "Complaint") against Defendant alleging that they violated Plaintiff's rights against First Amendment retaliation while incarcerated by DOCCS in Sing Sing Correctional Facility ("Sing Sing"); and

WHEREAS, Defendant, and any individual employed by Defendant and the State of New York, expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in the Action whatsoever; and

WHEREAS, Plaintiff and Defendant wish to fully resolve the claims alleged in the Complaint without further litigation or proceedings and without admission of fault or liability, and have negotiated in good faith for that purpose; and

WHEREAS, none of the parties to the Action is an infant or incompetent person; and

WHEREAS, Plaintiff represents and warrants that, other than this Action and those addressed in paragraph 3 below, he is not a party to any other action or proceeding against Defendant, the State of New York or DOCCS that is pending in any court, state or federal, arising out of or relating to the subject matter of this lawsuit.

NOW, THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Stipulation, Plaintiff and Defendants hereby agree as follows:

**1.      Dismissal Of The Action With Prejudice**

The Action and all claims asserted therein are discontinued with prejudice against Defendant pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2 below.

**2.      Payment to Plaintiff**

In full consideration of Plaintiff's execution of this Settlement Stipulation, his agreement to be bound by its terms, and his undertakings as set forth herein, including, but not limited to the dismissal of the Action with prejudice, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Defendants shall pay the gross amount of Eight Thousand Dollars ($8,000.00) in full satisfaction of any and all claims, allegations or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against the Defendant, whether in his individual or official capacities, the State of New York and its current and former employees, and DOCCS, and its current and former employees, arising out of conduct, acts, or omissions asserted in the Action, including any attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for any and all

counsel who have assisted Plaintiff or at any time represented Plaintiff in the Action or in connection with any other proceeding, administrative, judicial, or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Action as follows:

    a.    DOCCS shall pay to Plaintiff the gross sum of Eight Thousand Dollars and Zero Cents ($8,000.00), for which an I.R.S. Form 1099 shall be issued, in full and complete satisfaction of any and all claims for compensatory damages (including but not limited to pain and suffering, mental and emotional anguish and trauma, damage to reputation, economic damages, punitive damages, and liquidated damages) incurred by Plaintiff.

    b.    The foregoing payment shall be made in the form of one check payable to Thomas Jackson in the amount of EIGHT THOUSAND DOLLARS AND ZERO CENTS ($8,000.00), and forwarded to his correctional facility, for deposit in his inmate facility/departmental account.

### 3.    Global Dismissal of Other Pending Lawsuits

In consideration of the agreement set forth in this Stipulation of Settlement, the plaintiff, Thomas Jackson, hereby releases and discharges each of the defendants and any and all current or former employees or agents of New York State or the New York State Department of Correctional Services, in their individual and official capacities, and their heirs, executors, administrators and assigns, and the State of New York and its agencies, including, without limitation, the New York State Department of Correctional Services, from any and all claims, liabilities and causes of action which plaintiff or plaintiff's representatives, heirs or assigns ever had, now has or hereafter shall or may have for, upon, or by reason of any

matter, cause or thing whatsoever from the beginning of the world to the date of this stipulation and order. Further, as a condition precedent to the payment of the sum of $8,000.00 to plaintiff Thomas Jackson, as set forth in paragraph 2 above, Plaintiff will execute and deliver separate dismissals with prejudice, in form and substance satisfactory to the Office of the Attorney General, in all cases, claims or actions pending in the state or federal courts as of the date of the execution of this Stipulation of Settlement listed here: (a) Jackson v. Acevedo et al., No. 20-CV-6655, pending in the United States District Court for the Southern District of New York; (b) Jackson v. Polizzi et al., No. 20-CV-3105, pending in the United States District Court for the Southern District of New York; and (c) Jackson v. Acevedo et al., No. 20-CV-1092, pending in the United States District Court for the Northern District of New York.

**4.      State Approval of Payments**

Payment of the settlement amounts specified in Paragraph 2 of this Settlement Stipulation is subject to the approval of all appropriate state officials in accordance with N.Y. Public Officers Law § 17. Plaintiff agrees to promptly execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment. The provisions of Chapter 62 of the Laws of 2001 as amended (a/k/a "The Son of Sam Law," relating to crime victims, funds of convicted persons and the New York State Office of Victims Services), including but not limited to Section §632-a of the Executive Law and Subsection 12-g of §8 of the New York State Finance Law, may be applicable to the payment by State Defendant hereunder.

### 5. Accrual of Interest

In the event that payment of the settlement amount paid to Plaintiff, as specified in Paragraph 2 of this Settlement Stipulation, has not been made by the one hundred and twentieth (120th) day after receipt by the Office of the Attorney General ("OAG") of a "So Ordered" copy of this Settlement Stipulation, entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 3, 4, and 8 of this Settlement Stipulation, interest on any part of the settlement amount paid to Plaintiff, as specified in Paragraph 2, not paid by the one hundred and twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred and twenty-first (121st) day, unless the provisions of Executive Law Section 632-a apply to the Plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days with respect to the first check to allow for compliance with that law.

### 6. Responsibility of Plaintiff for Taxes

It is understood and agreed that any taxes, or interest or penalties on taxes, on the settlement amount specified in Paragraph 2 of this Settlement Stipulation shall be the sole and complete responsibility of Plaintiff, and that Plaintiff shall have no claim, right or cause of action against Defendant in this matter and those dismissed pursuant to the terms of Paragraph 3, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees or agents, whether in their individual or official capacities, on account of such taxes, interest or penalties.

Plaintiff agrees that he will indemnify and hold harmless Defendant in this matter and those dismissed pursuant to the terms of Paragraph 3, DOCCS, and the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their current or former officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such taxes, or interest or penalties on taxes.

7. **Responsibility of Plaintiff for Liens**

Plaintiff agrees that neither Defendant in this matter and those dismissed pursuant to the terms of Paragraph 3, DOCCS, nor the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), nor any of their officials, employees or agents, whether in their individual or official capacities, shall be responsible for any liens of any kind (including, but not limited to, any and all workers' compensation, tax, or child support liens) that may attach to the settlement amounts specified in Paragraph 2 of this Settlement Stipulation. Plaintiff shall have no claim, right, or cause of action against Defendant in this matter and those dismissed pursuant to the terms of pursuant to the terms of Paragraph 3, DOCCS, or the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their current or former officials, employees, or agents, whether in their individual or official capacities, on account of such liens, and agrees that he will defend, indemnify and hold harmless Defendant in this matter and those dismissed pursuant to the terms of Paragraph 3, DOCCS, and the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such liens.

### 8. <u>Medicare Certification</u>

Plaintiff acknowledges and understands that Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA"), 42 U.S.C. § 1395y(b), mandates that the State of New York and the OAG report information to Medicare regarding settlements, judgments, awards or payments of any kind for the purpose of coordinating benefits for Medicare beneficiaries, and agrees to deliver an executed and notarized Affidavit of Medicare Eligibility Status, in the form annexed hereto as Exhibit A, to the OAG. Plaintiff acknowledges and understands that the submission of this Affidavit, and any and all requested supporting documentation, to the OAG is a prerequisite to payment of the settlement amount specified in Paragraph 2 of this Settlement Stipulation, and falls within the category of "other documentation" described in Paragraph 4 of this Settlement Stipulation.

### 9. <u>Liability of Plaintiff for Any Medicare Payments and/or Liens</u>

Plaintiff agrees to defend, indemnify and hold harmless Defendant in this matter and those dismissed pursuant to the terms of pursuant to the terms of Paragraph 3, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their official or individual capacities, regarding any liens or past and/or future Medicare payments owed by Plaintiff, presently known or unknown, in connection with the Action. If conditional and/or future anticipated Medicare payments have not been satisfied by Plaintiff, the State of New York and/or DOCCS and/or the OAG reserve the right to issue a multi-party check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amounts specified in Paragraph 2 of this Settlement

Stipulation. Upon receipt of all required documentation under Paragraphs 3, 4 and 8 of the Settlement Agreement, payment of the settlement amounts specified in Paragraph 2 shall be made in accordance with the terms set forth herein.

**10.    General Release**

In consideration of the payment of the sum recited in Paragraph 2 above, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors, and assigns (collectively, the "Releasing Parties") hereby releases and forever discharges Defendant in this matter and those dismissed pursuant to the terms of pursuant to the terms of Paragraph 3, the State of New York and DOCCS, together with all of their current and former principals, officers, directors members, trustees, shareholders, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, personally and in their official capacities and all current or former employees or agents of New York State and DOCCS, in their individual and official capacities, and their heirs, executors, administrators and assigns, and the State of New York, and its agencies, including, without limitation, DOCCS (including, but not limited to, any and all agencies, departments, and subdivisions thereof) (collectively, the "Released Parties"), from any and all known claims, liabilities, causes of action, injuries, proceedings, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, and demands whatsoever, which Plaintiff or Plaintiff's representatives, heirs or assigns ever had or now have, including, but not limited to, claims regarding or arising out of the claims asserted in the Action, up to and including the date of this Settlement Stipulation.

**11.    No Other Action or Proceeding Commenced**

Other than the Action and the cases listed in Paragraph 3, Plaintiff represents and warrants that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against Defendant in this matter and those dismissed pursuant to the terms of pursuant to the terms of Paragraph 3, DOCCS and/or the State of New York (including, but not limited to, any agencies, departments, and subdivisions thereof), and/or any of their officials, employees, or agents, whether in their individual or official capacities, on his own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, including claims regarding or arising out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Complaint in this Action, any of which is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendant and DOCCS to enter into this Settlement Stipulation.

**12.    No Attorney**

Plaintiff represents and warrants that there are no attorneys having a lien for services rendered to Plaintiff pursuant to the provisions of N.Y. Judiciary Law § 475 and 475-a or any other state or federal law, statute, contract or otherwise in the Action, or in any other action or proceeding alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. Plaintiff agrees to defend, indemnify, and hold harmless Defendant, Defendants in the cases dismissed pursuant to the terms of Paragraph 3, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and

subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, from any liability or claims for attorneys' fees, costs, disbursements, or expenses incurred by Plaintiff in the Action or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action.

### 13. No Prevailing Party

Neither Plaintiff nor Defendant shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

### 14. Successors and Assigns

The terms and conditions of this Settlement Stipulation shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

### 15. Authority

Each signatory to this Settlement Stipulation hereby represents and warrants that he or she has the requisite authority to enter into this Settlement Stipulation and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Stipulation.

### 16. Voluntary Agreement

The parties hereto execute and deliver this Settlement Stipulation voluntarily after being fully informed of its terms, contents and effect, and each acknowledges understanding of its terms, contents and effect. The parties hereto acknowledge that each is aware, and is

advised, of the right to seek the advice of an attorney and to be represented by counsel of choice before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

### 17. No Admission of Liability

It is understood and agreed that any actions taken or payments made pursuant to this Settlement Stipulation are made solely to avoid the burdens and expense of protracted litigation, and that this Settlement Stipulation and the actions taken or payments made pursuant hereto are not to be construed as constituting any determination on the merits of any claims, whether asserted or purportedly asserted in the Action, and shall not be deemed to constitute an admission of liability or a violation of any law. Nothing contained in this Agreement shall be deemed to constitute a policy, practice, or custom of DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities. Defendant in this matter and those dismissed pursuant to the terms of Paragraph 3 do not admit to liability in any of these matters, and this settlement shall not be construed as an admission of liability.

### 18. No Precedential Value

This Settlement Stipulation shall not in any manner be construed as determinative of the issues or claims, whether raised or purportedly raised, in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Stipulation shall not bind or collaterally estop

Defendant in this matter and those dismissed pursuant to the terms of pursuant to the terms of Paragraph 3, DOCCS, or the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

### 19. Entire Agreement

This Settlement Stipulation constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Stipulation, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

### 20. Governing Law

The terms of this Settlement Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims or purported claims pursuant to Paragraph 10 of this Settlement Stipulation.

### 21. Severability

With the exception of Paragraphs 1, 2, 3, 4, 8, 10, 11, and 13 of this Stipulation of Settlement, if any provision of this Settlement Stipulation shall be held by a court of

competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

**22.   Headings**

The headings contained in this Settlement Stipulation are for convenience of reference only and are not a material part of this Settlement Stipulation.

**23.   Execution**

This Settlement Stipulation may be executed in any number of counterparts, all of which, taken together, shall constitute one Settlement Stipulation, and may be executed by facsimile signature and facsimile notary seal.

**24.   Authority to Sign Stipulation of Settlement**

The parties and the signatories to this Stipulation of Settlement represent and warrant that the signatories executing this Stipulation of Settlement on behalf of each party have full authority to do so and to make the representation, warranties, and agreements contained herein.

**25.   Submission to Court**

This Settlement Stipulation, shall be submitted, upon execution, without further notice to the Court to be "So Ordered."

IN WITNESS WHEREOF, the parties hereto acknowledge that they have read this Settlement Stipulation and accept and agree to the provisions contained herein, and have each executed this Settlement Stipulation to be effective on the day and date indicated below.

Dated: New York, New York
       February ~~28~~ 24, 2023

**LETITIA JAMES**
Attorney General of the State of
*Attorney for Defendant*

By: _____
David T. Cheng
Assistant Attorney General
28 Liberty Street, 18th Floor
New York, New York 10005
(212) 416-6139
David.Cheng@ag.ny.gov

Dated: New York, New York
February 18th, 2023

**THOMAS JACKSON**
*Plaintiff pro se*

By: _____
Thomas Jackson (DIN 12-A-3039)
Elmira Correctional Facility
1879 Davis Street
P.O. Box 500
Elmira, NY 14901-0500

## ACKNOWLEDGMENT

On the 18th day of February, 2023, before me came, plaintiff, Thomas Jackson, known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed on the within instrument, and acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

**SO ORDERED:**

_____
U.S.D.J.

Lawrence P Tolbert
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01TO...
Qualified in Chemung County
Commission Expires...

Dated: _____